THE STATE, GARRET BERRY, PROSECUTOR, v. JOHN J. DALY, MAYOR OF RAHWAY.

The mayor is under no legal duty to sign a warrant for the payment of a bill against the city, which is passed by the common council without being sworn to as required by the city charter.

---

On motion for *mandamus*.

Argued at November Term, 1887, before Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *Garret Berry*.

For the defendant, *B. A. Vail*.

The opinion of the court was delivered by

VAN SYCKEL, J.   The relator holds a claim against the city of Rahway, which has been audited and approved by the common council of the city.   A warrant was drawn by the city clerk requiring the city treasurer to pay the bill, and this warrant was presented to the mayor of the city for his signature, in accordance with the requirement of the city charter.   The mayor refused to approve the bill, and thereupon this application for *mandamus* was made.

An act passed April 4th, 1871 (*Rev.*, *p.* 1371, *pl.* 70), provides that it shall not be lawful for the common council of any city in this state to pay any claim out of the moneys of said city, unless the person claiming such moneys shall present a detailed bill of items verified by his affidavit that the same is correct.   The case shows that the bill was properly itemized and sworn to before the city treasurer, but when it was passed by the common council, and when the mayor refused to sign it, the city treasurer had not signed the *jurat*. The *jurat* was afterwards signed, but the claim was not again presented to the common council.   The action of the common council in passing was therefore irregular, and under the authority of *Langstaff* v. *Daly*, 20 *Vroom* 403, imposed no duty on the mayor to sign the warrant.   A *mandamus* must therefore be refused.